STATE OF VERMONT

ENVIRONMENTAL COURT

|  | }  |  |
|---|---|---|
| In re: Chandler Home Repair Application | } | Docket No. 129-6-08 Vtec |
| (Appeal of Chandler) | } |  |
|  | } |  |

<u>Decision and Order on Cross-Motions for Summary Judgment</u>

Appellant Charles Chandler appealed from a decision of the Development Review Board (DRB) of the Town of Newfane, denying his most recent application to restore, replace, and/or renovate an existing residential structure. Appellant has appeared and represents himself; the Town is represented by Samuel H. Angell, Esq.

The parties have moved for summary judgment. The following facts are undisputed unless otherwise noted.

Appellant owns a 2.11-acre property located at 1075 Vermont Route 30 in Zoning District B. An existing single-family dwelling (mobile home), shed, and garage are located on the property.

The present appeal and Docket No. 128-6-08 Vtec now pending have come before the Court in the context of prior litigation involving the same parties and the same property. In Docket No. 25-2-06 Vtec Appellant had appealed two decisions of the DRB, one denying a permit to construct a shed, and one denying a permit to repair and build additions to the existing mobile home in its present location.[1] After an evidentiary hearing, a Decision and Order on the merits was issued in Docket No. 25-2-

---

[1]  In another appeal, Docket No. 155-8-05 Vtec, Appellant had appealed a DRB decision denying his application to move the mobile home to a different location on the property; that appeal was dismissed as moot when Appellant withdrew the application to move the structure.

06 Vtec on December 6, 2006 (the 2006 Decision), determining that Appellant's property lacks sufficient acreage to support both a residential use and a commercial use, as each use requires at least two acres under the Zoning Bylaws. See 2006 Decision at 12–13 (citing § 5220[2] (establishing density limitations for residential uses in Zoning District B); § 4412 (establishing that each "commercial unit" requires the same acreage as a residential unit)). This Court's decision was affirmed in In re Chandler Shed & Dwelling Applications, No. 2007-003 (Vt. Oct. 19, 2007) (unpublished mem. by three justice panel), available at http://www.vermontjudiciary.org/upeo/eo07-003.pdf.

As Appellant was not living on the property in question at that time, the 2006 Decision explained that the commercial use could not then qualify as a home occupation or home industry. Because the commercial activities being conducted on the property could not qualify as a home industry/occupation, and the property could not support both a residential and a commercial use, Appellant's applications were denied. 2006 Decision at 15–16.

However, the 2006 Decision explicitly left open the possibility for Appellant to move to the property and then to apply to conduct both residential and commercial activities on the property as a home occupation or home industry under § 4110 of the Bylaws. The 2006 Decision explained the three available alternatives as: "to make the property solely commercial, solely residential, or residential with a home industry or home occupation." 2006 Decision at 14; see also 24 V.S.A. § 4412(4).

Appellant took up residence at the property and, following the Supreme Court's affirmance of the 2006 Decision, Appellant applied again for both permits: one to repair the home and finish the shed, and the other to conduct his business from the property

---

[2] We note a difference in citation form, in that the Supreme Court cited the bylaw sections as 5200.20 and 4400.12, while the Environmental Court has followed the Zoning Bylaws' and DRB's citation form usage to merge the subsections as, e.g., 5220 and 4412. See, e.g., Zoning Bylaws, reference to "Section 4320" in § 4330.

as a home occupation or home industry. The denial of these applications, due to a dispute over the DRB's taking a site visit, were appealed to this Court in Docket No. 79-4-07 Vtec. That appeal was concluded by being remanded to the DRB after Appellant agreed to allow the DRB to conduct a site visit on the property.

On April 18, 2008, Appellant refiled both an application for "restoration, replacement, and/or renovation" of the existing single family dwelling and to complete the shed (the home repair application), and to conduct his business as a home occupation or home industry. The DRB denied both applications, and both denials were appealed to this Court in Docket Nos. 129-6-08 Vtec (home repair application) and 128-6-08 Vtec (home industry/occupation application). The present motions were filed only in Docket No. 129-6-08 Vtec, regarding the home repair application; the home industry/occupation application remains set for trial on February 20, 2009.

The DRB's June 2008 written decision on the home repair application stated that, "[b]ased on the existing Act 250 Land Use Permit 2W1187, it is determined that the said property is designated as commercial." However, neither the property's Act 250 permit, nor any other permit regarding zoning or land use, has the effect of permanently converting a property from one use to another, either under the Newfane Zoning Bylaws or under the state statute, 24 V.S.A. Chapter 117. Although once Act 250 jurisdiction has attached to a property in commercial use, that property may remain subject to Act 250 even if its commercial use ceases, such Act 250 jurisdiction does not render the property permanently "commercial" in use. Rather, as stated in the 2006 Decision, "even if an originally residential property is changed to and receives a zoning permit for a commercial use, the owner or a subsequent owner is free to make a further application to convert it back to a primarily residential use." 2006 Decision at 15. The fact that a property owner has applied for or received a permit to conduct a particular activity on a property does not rezone that property, nor does it preclude a landowner from applying for a different use of the property in the future, as long as any such

3

proposal complies with the state statutes and municipal ordinances in effect at that time.

Appellant has chosen to pursue one of the three options discussed in the 2006 Decision: to move onto the property and to apply to operate the business from the property as "residential with a home industry or occupation." The Town does not dispute that he has taken up residence at the property.

In the present appeal, all that is before the Court is Appellant's application to repair the residence and complete the shed. The Town does not argue that the proposed work fails to comply with any aspect of the Zoning Bylaws for a residential property, other than to reassert that the property does not meet the density requirements for independent residential and commercial uses, an issue that was raised and disposed of in the 2006 Decision and in the Vermont Supreme Court's October 19, 2007 decision. Contrary to the DRB's references to "designat[ing]" the property as residential, "commercial," or "home industry/occupation," the Zoning Bylaws do not contain any such "designation" or rezoning procedure. Rather, each applicant for a use is entitled to have it ruled on according to whether it meets the requirements of the Zoning Bylaws. The use category of home industry/occupation is treated as accessory to the residential use of a property under § 4231, and also must meet the pollution control requirements of Section VIII, while any commercial use of a property is treated as a separate use under § 4400, and also requires site plan approval under Section VI.

Because Appellant has now opted to meet the requirements of the Zoning Bylaws for the property as a residential property with a home industry or home occupation, he is entitled to have the application to repair the residence and complete the shed granted as a property in residential use.

Questions regarding whether any proposed level of business use of the property can qualify for approval as a home industry or home occupation are not before the Court in this case, but will be addressed in Docket No. 128-6-08 Vtec. Any other issues

regarding past or current levels of business or commercial use of the property are similarly not before the Court in the present appeal.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellant's Motion for Summary Judgment is GRANTED, and the Town's Motion for Summary Judgment is DENIED; Appellant's application to repair the residence and/or to complete the shed for residential use is hereby GRANTED, concluding the above-captioned appeal. Any issues as to the proposed business use of the property, including any business use of the house, shed or garage, remain to be litigated in Docket No. 128-6-08 Vtec.

Done at Berlin, Vermont, this 2nd day of January, 2009.

_____
Merideth Wright
Environmental Judge